VÉRONIQUE P. ELIASON
KYLIE M. ELIASON
BRITTNIE L. ELIASON
36 Timber Trail
Ramsey, New Jersey 07446
Telephone: (801) 949-0080
Emails: veronique.eliason@gmail.com | kylie.eliason@icloud.com | britz.eliason@gmail.com
*Plaintiffs, Appearing Pro Se*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY (NEWARK VICINAGE)**
**MARTIN LUTHER KING BUILDING & U.S. COURTHOUSE, 50 WALNUT STREET, NEWARK, NJ 07102**

| | |
|---|---|
| **VÉRONIQUE P. ELIASON**, individually and as Successor Trustee; **KYLIE M. ELIASON**, an individual; and **BRITTNIE L. ELIASON**, an individual,<br><br>*Plaintiffs,*<br><br>v.<br><br>**SERVICE CORPORATION INTERNATIONAL, INC.**, a Texas corporation d/b/a **DIGNITY MEMORIAL** and **WASATCH LAWN MORTUARY AND MEMORIAL PARK**; **SCI UTAH FUNERAL SERVICES, INC.**; and **DOES 1–10**,<br><br>*Defendants.* | **VERIFIED COMPLAINT AND JURY DEMAND**<br><br>1. Tortious Interference with Right of Sepulture, Burial, and Autopsy;<br>2. Intentional Infliction of Emotional Distress;<br>3. Fraudulent Concealment and Statutory Funeral-Services Violations; and<br>4. Spoliation of Forensic Autopsy Evidence<br><br>Civil Action No.: ____________________<br>Judge: ______________________________ |

COME NOW Plaintiffs **Véronique P. Eliason**, **Kylie M. Eliason**, and **Brittnie L. Eliason** ("Plaintiffs"), appearing *pro se*, and for their Verified Complaint and Jury Demand against Defendants **Service Corporation International, Inc. d/b/a Dignity Memorial and Wasatch Lawn Mortuary and Memorial Park**, **SCI Utah Funeral Services, Inc.**, and **Does 1–10** (collectively, "SCI / Wasatch Lawn" or "Defendants"), allege upon personal knowledge and documented public records as follows:

## I. NATURE OF THE ACTION

1. This diversity tort action arises from **Defendants' deliberate, reckless, and outrageous conduct between October 23, 2024, and October 31, 2024,** following the sudden death of eighty-nine-year-old patriarch **Max D. Eliason**. When Plaintiffs learned that Max D. Eliason had died on October 23, 2024, after a twenty-two-day bedside visitation ban, and immediately contacted Defendants' mortuary

## II. PARTIES, DIVERSITY JURISDICTION, AND NEW JERSEY VENUE

2. **Plaintiffs:** Plaintiff **Kylie M. Eliason** (granddaughter of decedent Max D. Eliason and qualified Trust beneficiary), Plaintiff **Brittnie L. Eliason** (granddaughter of Max D. Eliason and qualified Trust beneficiary), and Plaintiff **Véronique P. Eliason** (daughter-in-law of Max D. Eliason and duly appointed Successor Trustee under the Eliason Trusts) are natural persons residing at **36 Timber Trail, Ramsey, Bergen County, New Jersey 07446** (within the Newark Vicinage of the District of New Jersey), and are citizens of New Jersey (and/or Utah, where Plaintiffs also maintain a family residence at 634 Ridge Top Lane, North Salt Lake, Utah 84054).

3. **Defendants:** Defendant **Service Corporation International, Inc. ("SCI")** is a Texas corporation with its principal place of business and corporate headquarters located at **1929 Allen Parkway, Houston, Harris County, Texas 77019**, and is a citizen of the State of Texas. Operating nationwide under the brand **"Dignity Memorial,"** SCI continuously and systematically transacts business throughout the State of New Jersey (operating numerous funeral homes and cemeteries across New Jersey) and owns, operates, directs, and controls **Wasatch Lawn Mortuary and Memorial Park** (3401 South Highland Drive, Millcreek, Utah 84106) directly and through its corporate subsidiary **SCI Utah Funeral Services, Inc.** and **Does 1–10.**

4. **Subject-Matter Jurisdiction, Personal Jurisdiction, and Venue in the District of New Jersey:** This Court has original diversity subject-matter jurisdiction pursuant to **28 U.S.C. § 1332(a)(1)** because complete diversity of citizenship exists between Plaintiffs (citizens of New Jersey and/or Utah) and Defendant Service Corporation International, Inc. (a citizen of Texas), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, together with supplemental jurisdiction under **28 U.S.C. § 1367(a)**. Venue and personal jurisdiction are proper in the District of New Jersey pursuant to **28 U.S.C. § 1391(b)(1)–(3)** (and 28 U.S.C. §§ 1404(a), 1406(a), and 1631) because: (a) Plaintiffs Kylie M. Eliason, Brittnie L. Eliason, and Véronique P. Eliason reside in Bergen County, New Jersey, where the severe emotional distress, deprivation of funeral participation, and spoliation of estate/autopsy evidence were directly felt; (b) Defendant SCI continuously conducts extensive commercial funeral operations across New Jersey; and (c) administrative "restricted filer" blocks imposed in Utah have obstructed Plaintiffs from filing in Utah despite Plaintiffs never having had a single claim adjudicated on the merits.

| **Date (2024)** | **Documented Event** | **Evidentiary & Jurisdictional Significance** |
|---|---|---|
| **Oct. 1, 2024** | Written Bedside Visitation Ban Issued by Greg Moesinger | Barred Plaintiffs' family branch from visiting 89-year-old Max D. Eliason for the final 22 days of his life. |
| **Oct. 23, 2024** | Death of Max D. Eliason (Concealed From Plaintiffs) | Death concealed from Plaintiffs in New Jersey and Utah while 10/23/2024 was typed into IRS Form 1041 Box D. |
| **Late Oct. 2024** | Autopsy Demand to SCI / Wasatch Lawn & Next-Day Burial | Plaintiffs demanded an autopsy; SCI / Wasatch Lawn buried Max the very next |

## III. GENERAL FACTUAL ALLEGATIONS

5. **The Five-Year Caregiving Relationship and the October 28, 2015 Testamentary Instruments:** Prior to the events giving rise to this action, Plaintiffs Véronique P. Eliason, Kylie M. Eliason, and Brittnie L. Eliason shared a close, devoted familial bond with their father-in-law and grandfather, patriarch **Max D. Eliason**, and matriarch **Joyce S. Eliason**. For five years while Joyce S. Eliason battled terminal lung cancer prior to her passing on May 21, 2018, Plaintiffs and their household cared for Max and Joyce daily. Under the October 28, 2015 Trust Agreements executed by Max and Joyce Eliason, Plaintiffs Kylie M. Eliason and Brittnie L. Eliason were expressly designated as qualified beneficiaries and Plaintiff Véronique P. Eliason was designated as a Successor Trustee, with Section 8.13 identifying Craig F. McCullough of Kirton McConkie, P.C. as the Settlors' attorney.

6. **The February 2019 Conflict Admission and Unlawful Isolation of Max D. Eliason:** In February 2019, Kirton McConkie shareholder Thomas A. Mecham admitted in writing that Kirton McConkie had an undisclosed conflict of interest and represented adverse sibling Lisa Stephens rather than Max D. Eliason. Immediately after Max D. Eliason demanded copies of his estate documents and fee accountings, Lisa Stephens, Mark Eliason, and attorneys from Kirton McConkie isolated Max D. Eliason from Plaintiffs, installing cameras, changing locks at 4349 South Lynne Lane, and barring family contact in violation of **Utah Code § 75-5-312** (which mandates that a guardian *"shall encourage and allow contact between the ward and members of the ward's family"* and *"may not unreasonably restrict communication or visitation between the ward and a relative"*).

7. **The Unconstitutional Utah "Restricted Filer" Blockade Against Véronique, Kylie, and Brittnie Eliason:** Despite Plaintiffs Kylie M. Eliason, Brittnie L. Eliason, and Véronique P. Eliason never having had a single claim adjudicated on the merits, never having been afforded an evidentiary hearing or jury trial, and never having received a single dollar of statutory accounting for their trust interests, Utah court clerks have treated Véronique, Kylie, and Brittnie as "restricted filers"—blocking them from filing motions to recover their trust distributions or to act as Successor Trustee, and necessitating the filing of this action in Plaintiffs' home federal forum in the **United States District Court for the District of New Jersey (Newark Vicinage)** (where Plaintiffs previously appeared in related action *Case No. 2:26-cv-03254-EP-JBC*).

8. **The June 3, 2024 Federal Summonses and the October 1, 2024 Terminal Bedside Ban:** On June 3, 2024, Plaintiff Véronique P. Eliason caused formal federal summonses in *Case No. 1:24-cv-00095-DBB* to be issued and served seeking a forensic accounting of the Eliason estate. Shortly thereafter, on **October 1, 2024**—when eighty-nine-year-old Max D. Eliason was in the final twenty-two (22) days of his life—Kirton McConkie shareholder Gregory Moesinger sent a written communication imposing a total bedside visitation ban at 4349 South Lynne Lane and threatening police arrest for "trespassing," "harassment," and "stalking."

9. **The October 23, 2024 Death and Simultaneous Tax-Return Re-Skinning:** Twenty-two days after that October 1, 2024 visitation cutoff, on **October 23, 2024,** Max D. Eliason died while isolated from Plaintiffs. Nobody notified Plaintiffs in New Jersey or Utah of his death on October 23, 2024—even as Lisa Stephens and CPA Bryan Stephens used Max D. Eliason's exact date of death (10/23/2024) to populate Box D (*"Date entity created"*) of the 2024 IRS Form 1041 for *The Max D. Eliason Trust* while wiping a $4,168,123.00 Promissory Note to $0.00.

10. **Plaintiffs' Explicit Autopsy Request to SCI / Wasatch Lawn Mortuary:** Upon learning independently that Max D. Eliason had passed away and that his body had been transported to Defendants' facility, **Wasatch Lawn Mortuary and Memorial Park** (3401 South Highland Drive, Millcreek, Utah, owned and operated by Defendant Service Corporation International, Inc. d/b/a Dignity Memorial), Plaintiffs' household immediately contacted Wasatch Lawn. Defendants were placed on explicit notice of the active estate and fiduciary dispute, the suspicious circumstances surrounding Max D. Eliason's terminal isolation (as well as the prior unprescribed morphine administration confirmed by Huntsman Cancer Institute Dr. Wallace Akerley preceding Joyce S. Eliason's May 21, 2018 death), and Plaintiffs' statutory rights as surviving daughter-in-law/Trustee and granddaughters. An explicit demand was made to Defendants that **an autopsy be conducted upon the body of Max D. Eliason** prior to any embalming or burial.

11. **Defendants' Immediate Secret Burial the Very Next Day:** Instead of preserving Max D. Eliason's body so that an independent medical examination and toxicological autopsy could be performed, and instead of complying with statutory funeral duties governing disputes among surviving family members (**Utah Code §§ 58-9-602, 58-9-603, and 26B-8-215**), Defendants acted in concert with adverse third parties to **rush Max D. Eliason's body into the ground the very next day after the autopsy request**. Defendants intentionally concealed the date, time, and location of the viewing, funeral service, and burial from Plaintiffs in New Jersey and Utah, preventing Max D. Eliason's granddaughters Kylie and Brittnie from traveling from New Jersey to attend his funeral and say goodbye.

12. **The Halloween (October 31, 2024) Revelation and Refusal to Produce the Putative "Will":** On **October 31, 2024 (Halloween),** when Defendants were contacted regarding the autopsy request and funeral schedule, Wasatch Lawn disclosed that Max D. Eliason had **already been buried** the day after the autopsy request. When asked how Defendants could bury Plaintiffs' grandfather and father-in-law in secret after an explicit autopsy demand, Wasatch Lawn stated that it had buried him and excluded Plaintiffs pursuant to instructions in **"Max D. Eliason's Last Will and Testament"**—yet when demanded to produce a copy of that putative Will, Defendants **refused to produce or exhibit the Will.**

> **Evidentiary Significance of Defendants' Refusal to Produce the Putative Will:** Since February 2019, Kirton McConkie, P.C. and Lisa Stephens have refused to produce a valid, unconflicted Last Will and Testament of Max D. Eliason. Under both New Jersey and Utah law (including *Restatement (Second) of Torts § 868* and **Utah Code § 58-9-601 et seq.**), a funeral establishment cannot claim immunity under an unproduced testamentary instrument while refusing to exhibit that instrument to the decedent's surviving family and rushing the body into the ground the day after an explicit autopsy

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Tortious Interference with a Dead Body, Right of Sepulture, and Right to Autopsy**

***(Restatement (Second) of Torts § 868; Common Law of New Jersey and Utah; Utah Code §§ 58-9-602 & 78B-2-307(4))***

13. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 12 above as though fully set forth herein.

14. Under the common law of New Jersey and Utah, *Restatement (Second) of Torts § 868*, and **Utah Code § 58-9-602**, close surviving family members—including a decedent's granddaughters and daughter-in-law/Successor Trustee—possess a protected legal right of sepulture to be notified of the decedent's passing, to view the remains, to travel to and attend the funeral and interment ceremonies, and to request a pre-burial autopsy where foul play, neglect, or hastened death is reasonably suspected.

15. One who intentionally, recklessly, or negligently removes, withholds, buries in secret, or prevents the proper examination or funeral attendance of the body of a dead family member is subject to liability to the surviving family members for the severe mental distress and emotional harm suffered thereby.

16. By concealing Max D. Eliason's death, rushing his body into the ground the very next day after an autopsy was requested, excluding Plaintiffs in New Jersey and Utah from his funeral, and refusing to produce the putative Will upon which Defendants claimed to act, Defendants breached their duties to Plaintiffs and proximately caused Plaintiffs severe, permanent mental anguish and emotional trauma in an amount exceeding $75,000.00 to be determined at trial.

### SECOND CAUSE OF ACTION

**Intentional and Reckless Infliction of Emotional Distress**

***(Common Law of New Jersey and Utah; Utah Code § 78B-2-307(4))***

17. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 16 above as though fully set forth herein.

18. Defendants' conduct—burying an eighty-nine-year-old grandfather and father-in-law in secret the very next day after his family requested an autopsy, intentionally excluding his devoted daughter-in-law and granddaughters from his funeral, and informing them on Halloween (October 31, 2024) that he was already in the ground pursuant to a secret "Will" that Defendants refused to produce —was extreme, outrageous, and utterly intolerable in a civilized community.

19. Defendants acted with the specific intent to cause, or with reckless disregard of the certainty that such conduct would cause, severe and lasting emotional distress to Plaintiffs at their home in New Jersey and in Utah. As a direct and proximate result, Plaintiffs suffered profound grief, shock, humiliation, sleeplessness, and severe emotional distress.

## THIRD CAUSE OF ACTION

**Fraudulent Concealment, Spoliation of Forensic Evidence, and Violation of Funeral Services Statutory Duties**

***(New Jersey Common Law Fraudulent Concealment/Spoliation & Utah Code §§ 58-9-501, 58-9-601 et seq.)***

20. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 19 above as though fully set forth herein.

21. Under the Utah Funeral Services Licensing Act (**Utah Code §§ 58-9-501 and 58-9-601 through 58-9-606**) and the tort of fraudulent concealment/spoliation of evidence recognized under New Jersey and Utah law, a licensed funeral establishment owes mandatory duties of honesty, verification of lawful authority, preservation of evidence upon notice of an autopsy demand, and suspension of disposition when placed on notice of a family dispute or challenge to an unproduced disposition instrument.

22. On October 31, 2024, Defendants affirmatively represented to Plaintiffs that they had buried Max D. Eliason the day after the autopsy request pursuant to directives in Max D. Eliason's "Will," while concealing and refusing to produce that document. By accelerating his burial the day after an explicit autopsy demand, Defendants intentionally destroyed and spoliated irreplaceable physical, pathological, and toxicological evidence regarding the cause and manner of Max D. Eliason's October 23, 2024 death.

## FOURTH CAUSE OF ACTION

**Civil Conspiracy and Aiding and Abetting Breach of Fiduciary and Statutory Duties**

***(Utah Code § 75-5-312 & Common Law)***

23. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 22 above as though fully set forth herein.

24. Defendants acted in concert with adverse third parties (including Lisa Stephens, Mark Eliason, and attorneys at Kirton McConkie, P.C.) to enforce an unlawful isolation wall around Max D. Eliason in violation of **Utah Code § 75-5-312**, to conceal his October 23, 2024 passing while his exact date of death (10/23/2024) was entered into Box D of the 2024 IRS Form 1041, and to bury his remains immediately after an autopsy was requested so that neither his physical body nor his true testamentary instruments could be examined.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs **Véronique P. Eliason, Kylie M. Eliason**, and **Brittnie L. Eliason** respectfully pray that judgment be entered in their favor and against Defendants, jointly and severally, as follows:

A. For an immediate **Declaratory and Mandatory Injunctive Production Order** compelling Defendants Service Corporation International, Inc. and SCI Utah Funeral Services, Inc. d/b/a Wasatch Lawn Mortuary and Memorial Park to produce: (1) the complete, unredacted Wasatch Lawn mortuary file, intake sheets, chain-of-custody logs, death certificate worksheets, and burial timestamps for Max D. Eliason; (2) the putative "Will" or burial directive upon which Wasatch Lawn claimed on October 31, 2024, to have relied; and (3) all emails, text messages, call logs, and written instructions exchanged between Wasatch Lawn and Lisa Stephens, Mark Eliason, Bryan Stephens, or any attorney at Kirton McConkie, P.C.;

B. For general, special, and non-economic **Compensatory Damages** for severe emotional distress, mental anguish, spoliation of evidence, and tortious interference with the right of sepulture and autopsy in an amount exceeding $75,000.00 to be determined by the jury at trial (and not less than $5,000,000.00);

C. For **Punitive and Exemplary Damages** for Defendants' willful, malicious, and reckless burial of Max D. Eliason's body the day after an explicit autopsy request and deliberate exclusion of Plaintiffs from his funeral; and

D. For costs of suit, pre-judgment and post-judgment interest, and such other and further legal and equitable relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY & L. CIV. R. 11.2 CERTIFICATION:** Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury on all claims and issues triable of right by a jury. Pursuant to D.N.J. Local Civil Rule 11.2, Plaintiffs certify that the specific cause of action against Service Corporation International, Inc. d/b/a Wasatch Lawn Mortuary for the October 23–31, 2024 secret burial of Max D. Eliason is not the subject of any other pending action, arbitration, or administrative proceeding, and is related in background to *Eliason v. Church of Jesus Christ of Latter-day Saints, et al.*, Case No. 2:26-cv-03254-EP-JBC (D.N.J.).

## VI. VERIFICATION UNDER PENALTY OF PERJURY (28 U.S.C. § 1746)

We, **Véronique P. Eliason**, **Kylie M. Eliason**, and **Brittnie L. Eliason**, declare as follows: We are the Plaintiffs in the above-entitled action. We have read the foregoing *Verified Complaint and Jury Demand* and know the contents thereof. The factual allegations set forth therein regarding the October 2024 isolation and death of Max D. Eliason, the explicit request to Wasatch Lawn Mortuary for an autopsy, Wasatch Lawn's immediate burial of Max D. Eliason the day after the autopsy request without notice to us, our discovery on Halloween (October 31, 2024) that he had already been buried, and Wasatch Lawn's refusal to produce the putative Will upon which it claimed to have acted are true and correct of our own personal knowledge.

**Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on this **29th day of October, 2026**.

/s/ Véronique P. Eliason
**VÉRONIQUE P. ELIASON**
*Plaintiff and Successor Trustee, Pro Se*
36 Timber Trail, Ramsey, NJ 07446

/s/ Kylie M. Eliason
**KYLIE M. ELIASON**
*Plaintiff, Pro Se*
36 Timber Trail, Ramsey, NJ 07446

/s/ Brittnie L. Eliason
**BRITTNIE L. ELIASON**
*Plaintiff, Pro Se*
36 Timber Trail, Ramsey, NJ 07446

**REGISTERED AGENTS & ADDRESSES FOR SERVICE OF PROCESS UPON DEFENDANTS:**

**1. Service Corporation International, Inc. (Corporate Headquarters):** 1929 Allen Parkway, Houston, TX 77019

**2. New Jersey Registered Agent (Corporation Service Company):** Princeton South Corporate Center, Suite 160, 100 Charles Ewing Blvd., Ewing, NJ 08628

**3. Utah Registered Agent for SCI Utah Funeral Services, Inc. d/b/a Wasatch Lawn Mortuary (Corporation Service Company):** 15 West South Temple, Suite 600, Salt Lake City, UT 84101 (Mortuary: 3401 S. Highland Dr., Millcreek, UT 84106)